1

2

3

4

5

6

7

8                    **IN THE UNITED STATES DISTRICT COURT**

9              **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   SABU SHERVON McCRAY,                    No. CIV S-06-0485-GEB-CMK-P

12              Petitioner,

13        vs.                                ORDER

14   SCOTT KERNAN, et al.,

15              Respondents.

16   _____/

17        Petitioner, a state prisoner proceeding with appointed counsel, brings this petition

18   for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner challenges the denial of

19   parole.

20        On January 3, 2008, the Ninth Circuit Court of Appeals decided Hayward v.

21   Marshall, 512 F.3d 536 (9th Cir. Jan. 3, 2008).  In Hayward, the petitioner had been twice

22   granted a parole date by the California Board of Prison Terms ("Board").  See id. at 538.  The

23   governor, however, reversed the decision both times, concluding that the petitioner was not

24   suitable for parole.  See id.  In his federal habeas corpus petition challenging the most recent

25   denial of parole, the petitioner argued that the denial had violated his due process rights.  See id.

26   at 541-42.  The district court denied the petition.  See id. at 541.

1        The Ninth Circuit began its analysis by restating its holding from Sass v.

2   California Board of Prison Terms, that California state prisoners have a constitutionally protected

3   liberty interest in parole.  See id. at 542 (citing 461 F.3d 1123, 1127-28 (9th Cir. 2006)).

4   Specifically, under California Penal Code § 3041(b) and California Code of Regulations, Title

5   15, § 2402(a), once the inmate has served the minimum term required, the Board shall set a

6   release date unless release currently poses an unreasonable risk of danger to society.

7   See Hayward, 512 F.3d at 542, 543.  The court next observed that, under California law, in

8   deciding whether to reverse the Board's grant of parole, the governor must consider the same

9   factors the Board is required to consider in the first instance.  See id. (citing In re Rosenkrantz,

10  29 Cal.4th 616 (2002)).

11       In determining whether the state has provided the necessary due process

12  safeguards with respect to parole decisions, the relevant consideration is whether the decision to

13  deny parole is supported by "some evidence" in the record, or is otherwise arbitrary.

14  See Hayward, 512 F.3d at 542 (citing Irons v. Carey, 505 F.3d 846, 851 (9th Cir. 2007), and

15  Superintendent v. Hill, 472 U.S. 445, 457 (1985)).  The Ninth Circuit held that application of this

16  test in the context of California's parole scheme requires that there be some evidence in the

17  record supporting the conclusion that the prisoner's current release would pose an unreasonable

18  risk of danger to society.  See Hayward, 512 F.3d at 543.  The court noted that, even though there

19  may be some evidence that a particular unsuitability factor exists, this does not necessarily mean

20  that there is some evidence of the inmate's current danger to the community if released.  See id.

21  Applying this standard to the facts of Hayward's case, the Ninth Circuit concluded that "no

22  evidence in the record supports a determination that Hayward's release would unreasonably

23  endanger public safety."  See id. at 544.

24       In particular, the court discussed the reliance on unchanging factors, such as the

25  facts of the petitioner's commitment offense, in denying parole.  See id. at 545 (citing Biggs v.

26  Terhune, 334 F.3d 910, 916 (9th Cir. 2003), and Irons, 505 F.3d at 854).  The court stated:  "It

1 can hardly be doubted that time may attenuate the taint of certain prior misconduct, and this is

2 particularly true as applied to consideration of Hayward's misconduct. . . ," especially in light of

3 evidence of Hayward's rehabilitation while in prison and plans upon release.  Id. at 545.  The

4 court reversed the district court's denial of habeas relief and concluded that the state had violated

5 Hayward's due process rights in denying parole.  See id. at 548.

6           The court is aware that the Attorney General in other cases has argued that

7 Hayward is not binding in this § 2254 proceeding for one or both of the following reasons:  (1) it

8 does not represent clearly established U.S. Supreme Court precedent; and/or (2) it is not final

9 because a petition for rehearing is pending in the Ninth Circuit.  In submitting further briefing,

10 respondents are asked to assume that this court may rely on Hayward and discuss the facts of this

11 case as they relate to the "some evidence" standard as explained in Hayward.  In doing so, the

12 court will not construe respondents' submission as constituting any kind of waiver of arguments

13 that Hayward is not binding precedent.  The court merely seeks respondents' input on the merits

14 of this case in light of Hayward in the event it ultimately concludes that it is binding.

15           The parties are hereby requested to address the applicability of Hayward to the

16 instant petition.  Within thirty days of the date of this order, each party may file a brief discussing

17 the effect, if any, Hayward should have on the disposition of petitioner's case.

18           IT IS SO ORDERED.

19

20   DATED: March 24, 2008

21

22   **CRAIG M. KELLISON**
   UNITED STATES MAGISTRATE JUDGE

23

24

25

26

3